### BAIN v. GANZER.

(Supreme Court, Appellate Division, Second Department. June 6, 1902.)

1. CONVERSION—ACTS CONSTITUTING.

Where plaintiff took his wagon to defendant, who agreed to repair it for a certain sum, but, instead of doing so, dismantled it, lending some of the wheels to a third party, and refused a demand for the return of the wagon in the condition in which he received it, he became liable for the value thereof.[1]

2. SAME—VALUE—EVIDENCE.

Where, in an action for conversion of a wagon which was left with defendant to repair under a contract that he would repair it for a fixed sum, the only valuation placed on the wagon was that of plaintiff, a finding that the value was the amount testified by him less the agreed price of the repairs was justified.

Appeal from municipal court of borough of Queens, First district.

[1] See Bailment, vol. 6, Cent. Dig. § 66.

Action by Benjamin F. Bain against Philip Ganzer. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Charles T. Duffy, for appellant.

Harry T. Weeks, for respondent.

WILLARD BARTLETT, J. In this action the plaintiff has been awarded $220 damages for the conversion of an ice wagon, which was left with the defendant to be repaired. The ice wagon had been damaged by a collision with a trolley car. When the plaintiff took it to the defendant's place of business, he gave directions that it should not be repaired at once, inasmuch as he had a claim against the railroad company with whose car it had collided, and he wished the condition of the wagon to remain unchanged until he had obtained a settlement from the company. After the settlement, according to his testimony, he ordered the repairs to be made, and the defendant undertook to make them for $30. Instead of carrying out this agreement, however, the defendant, as indicated by the evidence in behalf of the plaintiff, dismantled the wagon, lending some of the wheels to a third party, and refused to comply with the demand for its return in the same condition in which he received it. I think the proof fully justifies the conclusion that there was a demand and conversion. The evidence is less satisfactory as to the value of the ice wagon, which, according to the testimony on behalf of the defendant, was in a pretty poor condition when originally delivered to him. The plaintiff testified, however, that it was worth $250 at that time, and that it was in substantially as good a condition as it was when he demanded its return. Inasmuch, however, as neither the defendant nor any of his witnesses placed any valuation upon the wagon, I am not prepared to say that the trial judge erred in adopting the plaintiff's valuation, deducting therefrom, as he did, the amount necessary to be expended in order to effect the needed repairs. I think we should affirm the judgment.

Judgment of municipal court affirmed, with costs. All concur.